**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ANGEL DE LOERA-GARCIA, | No. 15-73801 |
| Petitioner, | Agency No. A076-342-000 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Miguel Angel De Loera-Garcia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen, and review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law, including claims of due process violations due to ineffective assistance. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Loera-Garcia's motion to reopen based on ineffective assistance of counsel, where Loera-Garcia failed to establish prejudice resulting from his prior attorney's alleged ineffective assistance. *See id.* at 793-94 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's performance may have affected the outcome of the proceedings).

We lack jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte, and Loera-Garcia does not raise a claim of error underlying the sua sponte determination that would invoke our jurisdiction. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

In light of this disposition, we do not reach Loera-Garcia's remaining contentions regarding whether prior counsel erred, and the necessity of complying with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-73801